IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-51154
Summary Calendar

_____

AVA Y FULMER,

Plaintiff-Appellant,

versus

GEORGE GERVIN YOUTH CENTER, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas
(SA-97-CV-142)

_____

July 19, 1999

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Ava Fulmer brings this appeal of a summary judgment disposing of her disability discrimination lawsuit against George Gervin Youth Center, Inc. We review the district court's grant of summary judgment de novo, applying the same standards as the district court. *See Hypes v. First Commerce Corp.*, 134 F.3d 721, 725 (5th Cir. 1998). Our review supports the determination of the district court; hence, we AFFIRM.

Fulmer contends that she was fired because of her disability -- severe migraine headaches that occasionally spawned debilitating

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

seizures.  In support of her claim, Fulmer alleges that she was fired after her supervisor, Barbara Hawkins, witnessed one of the seizures and told Fulmer that she was being terminated because of liability concerns associated with Fulmer's condition.  Fulmer points to a memo signed by Hawkins which states that Fulmer was "laid off . . . due to medical reasons."  The Center counters that Fulmer was terminated due to her excessive absenteeism.

Even if the court accepts Fulmer's contentions as true -- that the Center fired her because of her disability and that the absenteeism rationale offered by the Center is a pretext -- she still must first establish that she was "qualified" for the job under the A.D.A to prevail on her claim.  *See Hypes*, 134 F.3d at 726.  That is, Fulmer must have been able to perform the essential functions of her job with or without reasonable accommodation.  *See* 42 U.S.C. § 12111(8).[1]  Whether Fulmer was qualified for the job was the central issue in the court below.

The district court relied upon two alternative bases for granting the Center's motion for summary judgment, both of which relate to whether Fulmer was qualified to perform her job at the Center with no more than reasonable accommodation.  First, the court held that Fulmer was estopped from claiming that she was a qualified person with a disability because, throughout the entire

---

[1]To qualify for relief under the Americans with Disabilities Act, a plaintiff must establish that she is (1) "disabled" within the meaning of the act; (2) qualified (with no more than a reasonable accommodation) to perform the essential functions of the job; and (3) suffering from an adverse employment action taken because of her disability. *See Robertson v. Neuromedical Ctr.*, 161 F.3d 292, 294 (5th Cir. 1998).

term of her employment with the Center, she had a pending application for social security disability benefits. Citing Fifth Circuit precedent, the district court stated that Fulmer's application for social security disability benefits created a rebuttable presumption that she was judicially estopped from asserting that she was a qualified individual with a disability for A.D.A. purposes. The court, emphasizing that the presumption was strong and that the circumstances wherein a plaintiff could overcome it were highly limited, determined that Fulmer was judicially estopped to claim that she was a qualified person with a disability.

A recent Supreme Court decision unsettles the district court's analysis. In *Cleveland v. Policy Management Sys. Corp.*, No. 97-1008, 1999 WL 320795 (U.S. May 24, 1999), the Court rejected this circuit's rule that simultaneous pursuit of both social security disability benefits and an A.D.A. claim erects a strong presumption against the plaintiff's A.D.A. success. Instead, the Court held that there was no presumption and that, to survive a summary judgment motion, an A.D.A. plaintiff must explain why the claim for disability benefits is consistent with the A.D.A. claim. The Court noted that there are many situations when the two claims can co-exist. For example, because the Social Security Administration does not take into account the possibility of "reasonable accommodation" in determining benefits eligibility, an A.D.A. plaintiff's claim that she can perform her job with reasonable

accommodation may prove consistent with her social security claim that she could not perform her own job (or other jobs) without it.

Thus, the district court applied an incorrect standard in examining the effect of her claim for social security disability benefits on Fulmer's A.D.A. lawsuit. Further, it appears that, under the Supreme Court's recently enunciated standard, summary judgment should not have been granted on the basis of estoppel because Fulmer contends in her A.D.A. claim that she could have performed her job at the Center had there been reasonable accommodation of her disability. That is, her A.D.A. claim fits comfortably beside her claim for social security disability benefits, so estoppel should not apply.

The district court's second basis for granting the Center's motion for summary judgment was that Fulmer was not a qualified individual with a disability because Fulmer's proposed reasonable accommodation did not permit her to fulfill her duties. Fulmer's condition caused her to miss at least 27 days of work during her nine-month tenure at the Center. Fulmer maintains that by means of a reasonable accommodation -- working at home during the days when she suffered from migraines -- she fulfilled her job responsibilities. The district court disagreed. It found that Fulmer's job as a program director entailed recruiting, supervising, and coordinating staff members and volunteers; establishing a community presence; and attending events sponsored by the Center. The court determined that regular attendance was necessary to perform these essential functions of Fulmer's

position, so working at home would not qualify as a reasonable accommodation.

The district court's holding can be upheld based on this second alternative rationale. "'An employer is not required to allow disabled workers to work at home, where their productivity inevitably would be greatly reduced.'" *Hypes*, 134 F.3d at 726-27 (quoting *Vande Zande v. State of Wis. Dep't of Admin.*, 44 F.3d 538, 544 (7th Cir. 1995)). In this case, the very nature of Fulmer's position dictates that Fulmer could not adequately fulfill her job responsibilities by working from home; Fulmer was part of a team, and the efficient functioning of the team necessitated the presence of all its members. Indeed, courts are in agreement that regular attendance is an essential function of most jobs. *See id.* at 727 (listing cases).

AFFIRMED.